Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs California Board Sports, Inc. and Quiksilver, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BOARD SPORTS, INC., a California Corporation; QUIKSILVER, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR MAX TRADING, INC., et al.,<br><br>Defendants. | CASE NO. CV 08-4612 PA (JWJx)<br><br>*ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION; VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANT JUMAN, INC.* |

Plaintiffs California Board Sports, Inc. and Quiksilver, Inc. ("Plaintiffs") and Defendant Juman, Inc. ("Defendant") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff Quiksilver, Inc. ("Quiksilver") is the owner of the DC Shoes® Marks, including but not limited to, U.S. Registration Nos. 2317622, 2427124, and 3040219 (hereinafter "DC Marks").

3. Plaintiff California Boards Sports, Inc. ("CBSI") is the owner of the brand "Osiris," a company engaged in the sale of casual shoes, accessories and apparel in the

skateboarding industry.  CBSI uses several different designs and patterns on its shoes to decorate and embellish the shoes, including, but not limited to, the copyrighted designs entitled "Smoking Gun" (VA0001630187) and "Dollar Rose" (VA0001630186) (hereinafter collectively "Osiris Designs")

4. Plaintiffs have alleged that Defendant's purchase and sale of footwear falsely bearing the Osiris Designs constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq. and under the common law.

5. Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon either the DC Marks or the Osiris Designs, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the DC Marks and/or Osiris Designs, or marks confusingly similar to or constituting a colorable imitation thereof, and, specifically from:

(a) using the DC Marks and/or Osiris Designs or any reproduction, counterfeit, copy or colorable imitation of same in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that the counterfeit products are connected with Plaintiffs or Plaintiffs' genuine merchandise;

/ / /

(b) passing off, inducing or enabling others to sell or pass off any products or other items that are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise;

    (c) committing any other acts calculated to cause purchasers to believe that Defendant's products are Plaintiffs' genuine merchandise unless they are such; and

    (d) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the DC Marks and/or Osiris Designs, or any reproduction, counterfeit, copy or colorable imitation of same.

  6. Plaintiffs and Defendant shall bear their own costs associated with this action.

  7. The execution of this Final Judgment by Counsel for the parties shall serve to bind and obligate the parties hereto.

  8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Juman, Inc.

  9. This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

<u>ORDER</u>

IT IS SO ORDERED.

DATED:  May 13, 2009

              _____
               HON. PERCY ANDERSON
               **United States District Judge**